HASKELL (UNITED STATES v.). See Case No. 15,321.

HASKELL (WYTHE v.). See Case No. 18,-118.

---

## Case No. 6,195.

### HASKILL v. FRYE.

[14 N. B. R. 525.] [1]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

BANKRUPTCY—PREFERENCE—LIMITATIONS.

If an insolvent debtor conveys property to a creditor, to hold in trust to such uses as shall be designated before a certain time, in any composition between the debtor and the other creditors; but if no composition is made before that time, then absolutely to his own use, whereby the debt is to be discharged, the limitation runs only from the time so stipulated, if no composition is made; for the title does not vest in the creditor, absolutely to his own use, until that time.

[In error to the district court of the United States for the district of Massachusetts.

[This was an action at law by John C. Frye, assignee, against Jacob M. Haskill.]

T. L. Livermore, for plaintiff in error.

B. C. Moulton, for defendant in error.

CLIFFORD, Circuit Justice. District courts, as well as circuit courts, have jurisdiction of suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest touching any property or rights of property of the bankrupt transferable to or vested in such assignee. 14 Stat. 518.

Pursuant to that authority the assignee in this case instituted the present suit in the district court, in which he charges that the bankrupts, on or about the 11th of December, 1874, being insolvent, and the defendant having reason to believe that the bankrupts were insolvent, made a transfer and conveyance of all the personal property they possessed—amounting in value to the sum of three thousand dollars—to the defendant, for the ultimate purpose of giving to the defendant, a preference over the other creditors of the grantors of the property, as more fully alleged in the declaration. Service was made, and the defendant appeared and filed an answer, in which he denied every allegation contained in the charges set forth in the several counts of the plaintiff's writ.

Issue being joined, the parties went to trial, and the jury, under the instructions of the district court, returned a verdict for the plaintiff in the sum of five hundred and forty-two dollars and thirty cents. Exceptions were duly filed by the defendant, and he filed a motion for a new trial, which was subsequently overruled by the court. Judgment was rendered for the plaintiff, and the defendant sued out the present writ of error. It appeared at the trial that the defendant was a creditor of the bankrupts in the sum of one thousand one hundred and seventy-seven dollars, and that they, on the 11th of December, 1874, entered into the written agreement annexed to the declaration. By the terms of the agreement it appears that

---

[1] [Reprinted by permission.]

the bankrupts, in consideration of the forbearance of the defendant to sue his claim, assigned and conveyed to the defendant all their title and interest in and to their lease of store, stock in trade, horses, wagons, harness, and all other property whatever, and also all notes, bonds, accounts, and debts, due, on their books or otherwise, from any and all persons. In consideration of the conveyance, the defendant also covenanted and agreed with the bankrupts, to hold and convey all that is conveyed to him in the said instrument in trust, to such uses as shall be designated on or before February 1, 1875, in any composition between the bankrupts and the other creditors. But both parties agreed in the same instrument that, if no composition was made before the time stipulated, the defendant should hold absolutely to his own use all that is conveyed to him in the instrument, and that the debt of the bankrupts to the defendant should be discharged.

Sufficient appeared to show that the grantors, in that instrument, were bankrupt at the date of the same, and that the defendant knew it, and it fully appeared that no composition between the bankrupts and their creditors was ever effected. Instead of that, it appeared that the defendant, on the 8th of February, in that year, took possession of all the property named in the instrument, and that the grantors of the same were, on the 27th of March following, adjudged bankrupts. Due demand was made for the property, and the proofs showed that the defendant refused to deliver the same before the suit was commenced. Other evidence was also introduced at the trial, tending to show that the conveyance was made to prevent small creditors from attaching the property of the bankrupts. Argument is unnecessary to show that the agreement bears date more than two months before the debtors were adjudged bankrupt. Suppose that is so; then it is clear the agreement—if, by the construction of the same, the property conveyed vested in the defendant when the instrument was delivered—cannot be held to have been executed in violation of the bankrupt act. Doubt upon that subject cannot be entertained; but the district court ruled and instructed the jury that the property did not vest in the defendant, as his own property, until February 1, 1875, and that the assignment did not constitute a payment until that time; that the preference did not begin until that time; and that the two months did not begin to run until the assignment constituted a payment of the debt of the defendant.

Prior to that time it is conceded that the defendant merely held the property conveyed in trust for the benefit of all the creditors, and that he would have been bound to convey the same to such uses as should have been designated, in any composition, between the bankrupts and their creditors. Beyond doubt, he acquired the right to the exclusive possession of the property in trust, for the uses described, from the date of the instrument; but it is evident that the title did not vest absolutely to his own use until the time stipulated in the agreement for that purpose.

Decided confirmation of that proposition is found in the fact that the instrument expressly stipulates that the defendant shall hold the property in trust to such uses as shall be designated, before that time, in any composition between the bankrupts and their creditors. Viewed in the light of these suggestions, it is clear that the debt of the defendant was not paid until the property conveyed vested absolutely in the defendant to his own use. Up to that time, the debt of the defendant was not discharged, and if any composition between the bankrupts and their creditors had been effected, the composition must have included the debt of the defendant. Thornhill v. Link [Case No. 13,-993]; In re Kansas City, etc., Manuf'g Co. [Id. 7,610]. Tested by these considerations, it follows that the instructions given to the jury are correct. Judgment affirmed with costs.